**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

WASHINGTON STATE REPUBLICAN
PARTY; CHRISTOPHER VANCE;
BERTABELLE HUBKA; STEVE
NEIGHBORS; BRENT BOGER; MARCY
COLLINS; MICHAEL YOUNG,
    *Plaintiffs-Appellees,*

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE; PAUL
BERENDT; LIBERTARIAN PARTY OF
WASHINGTON STATE; RUTH
BENNETT; J.S. MILLS,
    *Plaintiffs-Intervenors-*
       *Appellees,*

v.

STATE OF WASHINGTON; ROB
MCKENNA, Attorney General; SAM
REED, Secretary of State;
WASHINGTON STATE GRANGE,
    *Defendants-Intervenors-*
       *Appellants.*

Nos. 05-35774
  05-35780

D.C. No.
CV-05-00927-TSZ

ORDER

On Remand from the United States Supreme Court

Filed October 2, 2008

Before: Dorothy W. Nelson, Pamela Ann Rymer and
Raymond C. Fisher, Circuit Judges.

13979

**ORDER**

This case was remanded to us from the United States Supreme Court. *See Wash. State Grange v. Wash. State Republican Party*, 128 S. Ct. 1184 (2008). In light of the Supreme Court's decision, we VACATE our opinion in *Washington State Republican Party v. Washington*, 460 F.3d 1108 (9th Cir. 2006), VACATE our August 22, 2006 and October 3, 2006 orders granting attorney's fees and costs and REMAND to the district court with the following instructions.

The district court should DISMISS all facial associational rights claims challenging Initiative 872. *See Wash. State Grange*, 128 S. Ct. at 1187.

The district court should DISMISS all equal protection claims. The allegedly discriminatory statutes were repealed by Initiative 872. *See Wash. State Grange*, 128 S. Ct. at 1192-93.

The district court should DISMISS as waived all claims that Initiative 872 imposes illegal qualifications for federal office, sets illegal timing of federal elections or imposes discriminatory campaign finance rules because these claims were neither pled by the parties nor addressed in summary judgment by the district court.

The district court may allow the parties to further develop the record with respect to the claims that Initiative 872 unconstitutionally constrains access to the ballot and appropriates the political parties' trademarks, to the extent these claims have not been waived or disposed of by the Supreme Court.

The district court may make appropriate findings concerning the parties' settlement of fees and should determine whether restitution or further fee awards are appropriate in response to appellee Washington State's motion to vacate award of attorney's fees and costs, for judgment awarding restitution of fees and costs and for costs.

Remanded for proceedings according to the above instructions.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.